[Crim. No. 20259. Second Dist., Div. Five. Oct. 15, 1971.]

In re JOHN HARRIS, JR., on Habeas Corpus.

**COUNSEL**

A. L. Wirin, Fred Okrand, Laurence R. Sperber and Frank S. Pestana for Petitioner.

Joseph P. Busch, Jr., District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, Evelle J. Younger, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—On September 20, 1966, the Grand Jury for the County of Los Angeles returned an indictment in two counts against petitioner charging distribution of leaflets in violation of the California Criminal Syndicalism Act (Pen. Code, § 11401, subd. 3). On December 1, 1966, petitioner's demurrer to the indictment was overruled and his motion for dismissal was denied. On December 19, 1966, we denied a petition for writ of prohibition. On January 18, 1967, the California Supreme Court denied a petition for hearing. Petitioner then filed a complaint in the United States District Court, Central District of California, pursuant to the Federal Civil Rights Act (42 U.S.C. § 1983). A three-judge court held the California syndicalism statute unconstitutional on the ground that it is "impermissibly vague and overbroad," and issued an injunction enjoining the district attorney from its enforcement against petitioner (*Harris* v. *Younger* (C.D. Cal. 1968) 281 F.Supp. 507). On direct appeal, the United States Supreme Court without reaching the question of the statute's constitutionality, held that "the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." (*Younger* v. *Harris*, 401 U.S. 37 [27 L.Ed.2d 669, 91 S.Ct. 746].) Thereafter, petitioner's petition for writ of habeas corpus was heard and denied by the superior court on May 7, 1971, without written opinion.

Petitioner is once again before us, seeking to secure his release from

custody on the ground that the statute under which he is charged is unconstitutional.

When we first considered petitioner's petition for a writ of prohibition in December 1966, this court was bound by the United States Supreme Court's decision in *Whitney* v. *California,* 274 U.S. 357 [71 L.Ed. 1095, 47 S.Ct. 641], in which the court directly considered and upheld the constitutionality of the California Criminal Syndicalism Act. Consequently, we denied that petition. Subsequent to our denial, the United States Supreme Court reconsidered the problems raised in *Whitney, supra,* and struck down an Ohio Criminal Syndicalism statute that was "quite similar" to the California Criminal Syndicalism statute on the ground that the Ohio statute fell "within the condemnation of the First and Fourteenth Amendments." (*Brandenburg* v. *Ohio,* 395 U.S. 444 [23 L.Ed.2d 430, 89 S.Ct. 1827].) In *Brandenburg,* the court expressly overruled the earlier decision in *Whitney.* (See also, *Younger* v. *Harris, supra.*)[1] ■ Therefore, just as we were bound by *Whitney* to deny petitioner's first petition for a writ, we are now bound by *Brandenburg* to grant petitioner's present petition for a writ.

Consequently, under compulsion of *Brandenburg* v. *Ohio, supra,* 395 U.S. 444, we hold that portion of the California criminal syndicalism statute (Pen. Code, § 11401, subd. 3) under which defendant was indicted to be unconstitutional.

The writ is granted, and the petitioner is ordered discharged.

Aiso, J., and Reppy, J., concurred.

A petition for a rehearing was denied November 2, 1971, and respondent's petition for a hearing by the Supreme Court was denied December 16, 1971.

---

[1]See *McSurely* v. *Ratliff,* 282 F.Supp. 848, and *Ware* v. *Nichols,* 266 F.Supp. 564 for holdings of unconstitutionality of similar statutes by federal three-judge courts.