458 So.2d 47 (1984)
C.C.B., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. AW-464.
District Court of Appeal of Florida, First District.
October 18, 1984.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
T. Edward Austin, State Atty., and Laurence C. Pritchard, Asst. State Atty., Jacksonville, for appellee.
*48 WIGGINTON, Judge.
This appeal involves the constitutionality of a Jacksonville municipal ordinance that prohibits all forms of begging or soliciting for alms. Appellant appeals his conviction of violation of Jacksonville Municipal Ordinance 330.105, asserting that the trial court erred in denying his motion to dismiss the charge on the ground that the ordinance is unconstitutional. Appellant pled no contest to the charge, reserving this point for review. We find the ordinance constitutionally deficient and reverse.
The ordinance provides:
It shall be unlawful and a class C offense for anyone to beg or solicit alms in the streets or public places of the city or exhibit oneself for the purpose of begging or obtaining alms.
On the other hand, Jacksonville has devised a regulatory scheme for those organizations or groups soliciting for the welfare and happiness of others who cannot or do not help themselves by its enactment of Municipal Ordinance 404.102 providing that no charitable organization shall solicit property or financial assistance without having first registered with the consumer affairs office and having obtained a permit. Further, Ordinance 404.103 provides that no permit is required for a charitable organization to solicit among its members voluntarily and without remuneration for the solicitation or if the solicitation is in the form of collections or contributions at the regular exercises or services of any church, religious society, et cetera.
C.C.B. argues that Ordinance 330.105 is overbroad because it bans all forms of solicitation for alms or charity, that it is in conflict with chapter 404, and further, that it lacks precisely drawn standards to prevent the prohibition of activities protected by the First Amendment. To the contrary, appellee contends that Ordinance 330.105 is not overbroad and not in conflict with chapter 404 when read in pari materia.
In League of Mercy Association, Inc. v. Walt, 376 So.2d 892 (Fla. 1st DCA 1979), this Court upheld the validity of the City of Jacksonville's Municipal Ordinance Chapter 404 against the constitutional attack that it did not set forth sufficient guidelines for the issuance of permits. When read in pari materia with chapter 404, Ordinance 330.105 does not prohibit the established first amendment right of individuals or groups to solicit contributions for religious and charitable purposes but merely validly limits that right by requiring permits. Thus, the ordinance is not overbroad in that sense.
However, Ordinance 330.105 is unconstitutionally overbroad by its abridgment in a more intrusive manner than necessary, of the first amendment right of individuals to beg or solicit alms for themselves. The City's alleged legitimate and compelling interest is its duty and responsibility under its police power to control undue annoyance on the streets and public places and prevent the blocking of vehicle and pedestrian traffic. That lofty goal must be measured and balanced against the rights of those who seek welfare and sustenance for themselves, by their own hand and voice rather than by means of the muscle and mouths of others. We have learned through the ages that "charity begins at home," and if so, the less fortunate of our societal admixture should be permitted, under our system, to apply self help. This right, nevertheless, must be subject to the state's interest but conditioned upon less intrusive means than absolute preclusion.
We find a dearth of cases in our state to give us guidance and would opine that such scarcity is due to this particular segment of society not having the ability or wherewithal to pursue the challenge. The parties, caught in the same plight, refer us to cases from other jurisdictions which we find to be well reasoned and persuasive in our determinations.
In Goldstein v. Town of Nantucket, 477 F. Supp. 606 (D.Mass. 1979), the court found that a troubadour's public performance of Nantucket's traditional folk music was clearly within the scope of protected first amendment expression. The court recognized that the rights to the first amendment *49 freedoms are not absolute but are subject to the imposition of reasonable and impartial regulations regarding the time, place and manner of public expression. The court found that Nantucket's permit requirements did not contain narrow, objective or definite standards and therefore they exceeded in their scope the constitutionally permissible grounds for regulating free expression and consequently the ordinance did not pass constitutional muster. The Goldstein case rejected the older view that commercial speech is not to be afforded the same first amendment protection as other types of speech and stated:
The fact that plaintiff accepts contributions of passersby during his public performance, thus, does not dilute plaintiff's protection of the first amendment.
Goldstein, at 609. See also Virginia State Board of Pharmacy v. Virginia Consumer Council, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976) in which the court stated:
Speech ... is protected even though it is carried in a form that is "sold" for profit, and even though it may involve a solicitation to purchase or otherwise pay or contribute money.
We find in Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), the Arizona State Bar's disciplinary rule prohibiting all advertising by attorneys was struck down on the holding that some commercial speech is entitled to first amendment protection. In People v. Fogelson, 21 Cal.3d 158, 145 Cal. Rptr. 542, 577 P.2d 677 (1978), a Hare Krishna follower was arrested in an airport for soliciting without a permit pursuant to an ordinance that required a permit before soliciting for oneself or another on city property. In a footnote, the court recognized the enlarged first amendment protection of commercial speech as discussed in Bates. The court declared that the state may reasonably regulate the time, place and manner of engaging in solicitation in public places in order to prevent fraud or undue harassment of passersby. But, in another footnote, the court pointed out that the state must recognize that individuals in public places cannot expect the same degree of protection from contact with others as they are entitled to in their own homes. The court found the ordinance unconstitutional on the ground that it contained no standards to guide licensing officials in exercising their discretion to grant or deny applications to solicit on city property. In concurring, one judge stated:
It has been held that begging and soliciting for alms do not enjoy absolute constitutional protection. (Ulmer v. Municipal Court, 55 Cal. App.3d 263, 127 Cal. Rptr. 445 (1976)).
However, the California statute at issue in Ulmer read as follows:
Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor: ... (c) who accosts other persons in any public place or in any place open to the public for the purpose of begging or soliciting alms. (Emphasis supplied)
Even in Ulmer, the court referred to the comments of the legislative draftsmen noting that the statute was aimed at the conduct of the individual who goes about the streets accosting others for handouts. The comment stated:
It is framed in this manner in order to exclude from one ambit of the law the blind or crippled person who merely sits or stands by the wayside, the Salvation Army worker who solicits funds for charity on the streets at Christmas time and others whose charitable appeals may well be left to local control. (2 Assem.J. Appendix (1961 Reg.Sess.) Assem. Interim Com.Rep. (1959-1961) Crim.Proc. pp. 12-13.)
Ulmer, 55 Cal. App.3d at 266, 127 Cal. Rptr. 445.
The Ulmer court held that regulation of conduct bearing no necessary relationship to the freedom to speak does not abridge the guarantees of the first amendment. The court stated, however, that the statute in question does not extend to one
... "who merely sits or stands by the wayside." Walking up to and approaching *50 another for the purpose of soliciting, as opposed to merely receiving donations, is prohibited by the statute. The manner of approach is thus pertinent.
Ulmer, at 267, 127 Cal. Rptr. 445.
On the basis of the above authorities and upon our own reflection, we find that a total prohibition of begging or soliciting alms for oneself is an unconstitutional abridgment of the right to free speech as guaranteed by the first and fourteenth amendments of the Constitution of the United States and article I, section 4 of the Constitution of the State of Florida. No compelling reason justifies that total abridgment. Protecting citizens from mere annoyance is not a sufficient compelling reason to absolutely deprive one of a first amendment right. Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). Compare also Carter v. Town of Palm Beach, 237 So.2d 130 (Fla. 1970), in which, in declaring invalid an ordinance prohibiting the operation of surfboards on the basis that the prohibition was arbitrary and unreasonable, the court ruled that a municipality, under its police power, may regulate and restrain certain activities which threaten the public health, safety and welfare, but the power to restrain and regulate does not include the power to prohibit an activity which is not a nuisance per se. The court determined that surfing was not a nuisance per se.
We conclude that Municipal Ordinance 330.105 is unconstitutional in that it curbs a first amendment right in a more intrusive manner than necessary. The City of Jacksonville is not entitled to absolutely prohibit a beggar's exercise of his freedom of speech, but the city may regulate that right subject to strict guidelines and definite standards closely related to permissible municipal interests, such as could be imposed by a narrowly drawn permit system. Goldstein; Fogelson. The drafting of such a regulatory ordinance is a task for the City of Jacksonville and not for this Court. We adopt the view of the Fogelson court, which stated:
This Court should not, and does not, undertake the essentially legislative task of specifying which of the legitimate municipal interests in regulating solicitations are to be included in permit conditions, nor how such conditions might be drafted.
Fogelson, 145 Cal. Rptr. at 565, 577 P.2d at 700.
Municipal Ordinance 330.105 is stricken as facially unconstitutional and the order of the trial court denying appellant's motion to dismiss the charge against him is reversed.
JOANOS and BARFIELD, JJ., concur.