Opinion
JOHNSON, J.
Plaintiff, the People (hereinafter, appellant) appeal from an order dismissing a misdemeanor complaint charging defendant Douglas Stewart Zimmerman (hereinafter, respondent) with begging in violation of Penal Code section 647, subdivision (c). Appellant contends the trial court erred in dismissing the complaint pursuant to Blair v. Shanahan (N.D.Cal. 1991) 775 F.Supp. 1315, in which the United States District Court for the Northern District of California held Penal Code section 647, subdivision (c) unconstitutional under the First and Fourteenth Amendments to the United *Supp. 10 States Constitution. Appellant further contends Penal Code section 647, subdivision (c) is neither unconstitutionally overbroad nor vague. We agree with appellant’s contentions. The order of dismissal is reversed, and the matter is remanded with directions to reinstate the complaint.
I
On March 30, 1992, a misdemeanor complaint was filed in the Municipal Court of the Beverly Hills Judicial District charging respondent with one count of begging in violation of Penal Code section 647, subdivision (c).[1] On March 30, 1992, respondent, who was in custody, moved to dismiss the complaint pursuant to Penal Code section 991 on the ground begging did not constitute a crime in the State of California in view of Blair v. Shanahan, supra, 775 F.Supp. 1315, in which the United States District Court for the Northern District of California held Penal Code section 647, subdivision (c) violated the First and Fourteenth Amendments. Appellant argued the constitutionality of the statute based upon the holding of the California Court of Appeal in Ulmer v. Municipal Court (1976) 55 Cal.App.3d 263 [127 Cal.Rptr. 445]. Relying upon Blair v. Shanahan, supra, 775 F.Supp. 1315, the trial court granted respondent’s motion to dismiss the complaint. Thereafter, appellant filed a timely notice of appeal.
II
With respect to federal constitutional questions, the decisions of the United States Supreme Court are binding on state courts. (Chesapeake & O. R. Co. v. Martin (1931) 283 U.S. 209, 221 [75 L.Ed. 983, 51 S.Ct. 453]; In re Harris (1971) 20 Cal.App.3d 632, 634 [97 Cal.Rptr. 844].) The United States Supreme Court has not determined the issues raised in this appeal. While the decisions of lower federal courts on federal constitutional questions are persuasive and entitled to great weight, they are not binding on state courts. (People v. Bradley (1969) 1 Cal.3d 80, 86 [81 Cal.Rptr. 457, 460 P.2d 129.) We are, however, bound by the decisions of every division of California state courts of appeal and the California Supreme Court. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)
III
Respondent first contends Penal Code section 647, subdivision (c) (hereinafter, the statute) is unconstitutional under the First Amendment.
*Supp. 11 Penal Code section 647, subdivision (c) provides:
“Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:
“(c) Who accosts other persons in any public place or in any place open to the public for the purpose of begging or soliciting alms.”
In Ulmer v. Municipal Court, supra, 55 Cal.App.3d 263, the California Court of Appeal upheld the statute’s validity under the California and United States Constitutions.[2] In determining begging and soliciting alms is not constitutionally protected activity, the court explained: “Regulation of conduct bearing no necessary relationship to the freedom to speak, write, print or distribute information or opinion does not abridge the guarantees of the First Amendment. [Citations omitted.] Begging and soliciting for alms do not necessarily involve the communication of information or opinion; therefore, approaching individuals for that purpose is not protected by the First Amendment.” (Id. at p. 266.) The Legislature’s intent in enacting the statute was to prohibit individuals from going about on the streets accosting others, i.e., walking up to and approaching others, for handouts. (Id. at p. 267.) “[T]he statute does not extend to one ‘who merely sits or stands by the wayside.’ ” (Ibid.) Thus, the statute proscribes certain conduct by an individual who begs or solicits alms, rather than the message he seeks to convey. The mere fact that the proscribed act may be accomplished by speech does not in and of itself bring the activity within the protection of the First Amendment.[3]
In Young v. New York City Transit Authority (2d Cir. 1990) 903 F.2d 146, the circuit court of appeals, which upheld a statute proscribing begging and panhandling on the subway, concluded, inter alia, that such conduct does not possess sufficient communicative elements to bring it within the protection of the First Amendment. (Id. at pp. 153-154.) As the court stated in Young, supra, “the First Amendment protects speech and not every act that may conceivably occasion engagement in conversation.” (903 F.2d at p. 154.)
Following the precedent set by the California Court of Appeal in Ulmer v. Municipal Court, supra, 55 Cal.App.3d 263, 264, and relying upon Young v. New York City Transit Authority, supra, 903 F.2d 146, we conclude the statute does not impinge upon constitutionally protected speech.
*Supp. 12 IV
We next address respondent’s contention that the statute is unconstitutionally overbroad because the term “accost” could encompass approaches to solicit charitable contributions, which is constitutionally protected activity.
A statute challenged for overbreadth is not void if its terms are reasonably susceptible to an interpretation consistent with the Constitution. (Welton v. City of Los Angeles (1976) 18 Cal.3d 497, 505 [134 Cal.Rptr. 668, 556 P.2d 1119].) The reviewing court should construe the statute so as to limit its effect and operation to matters that may be constitutionally regulated or prohibited. (Id. at pp. 505-506.) Here, the California Court of Appeal in Ulmer v. Municipal Court, supra, 55 Cal.App.3d at pages 266-277, deemed the regulation of charitable solicitations, in accordance with legislative intent, a matter “which the statute has left to ‘local control’ ...” Since it is clear from Ulmer that charitable solicitations fall outside the scope of the statute, the statute is not unconstitutionally overbroad.
V
Respondent next contends the statute is unconstitutionally vague because it fails to clearly define which types of approaches are criminally proscribed.
“[Statutes will be upheld unless their unconstitutionality as to vagueness clearly, positively, and unmistakably appears.” (Rutherford v. State of California (1987) 188 Cal.App.3d 1267, 1276 [233 Cal.Rptr. 781].) “A statute will not be held void for vagueness if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.” (In re Marriage of Walton (1972) 28 Cal.App.3d 108, 116 [104 Cal.Rptr. 472].)
The statute in the instant case proscribes accosting persons in a public place in order to obtain money or alms. (Ulmer v. Municipal Court, supra, 55 Cal.App.3d at p. 266.) The term “accost” is defined in Ulmer as walking up to and approaching an individual. (Id. at p. 267.) Contrary to respondent’s assertion, while the statute does not differentiate between approaches which are harassing, threatening or intimidating and those which are not, this does not render it void for vagueness. Since, as the court in Ulmer determined, the meaning of the statute is sufficiently clear to give warning of the conduct that is proscribed, the statute is not unconstitutionally vague. (See ibid.)
VI
Relying upon the holding of the United States District Court for the Northern District of California in Blair v. Shanahan, supra, 775 F.Supp. *Supp. 13 1315, respondent next contends the statute violates the equal protection clause of the Fourteenth Amendment because it discriminates between lawful and unlawful conduct based upon the content of the communication accompanying the conduct. Respondent argues there is no meaningful distinction for First Amendment purposes between soliciting for charitable purposes and begging or soliciting alms. We disagree, based upon Young v. New York City Transit Authority, supra, 903 F.2d at pages 154-156, and cases ■ cited therein, which rejected this argument.[4]
Charitable appeals “involve a variety of speech interests,” including “communication of information, the dissemination and propagation of views and ideas, and the advocacy of causes.” (Schaumburg v. Citizens for Better Environ. (1980) 444 U.S. 620, 632 [631 L.Ed.2d 73, 84, 100 S.Ct. 826].) Unlike begging or soliciting alms, charitable solicitations are “characteristically intertwined with informative and perhaps persuasive speech seeking support for particular causes or for particular views on economic, political, or social issues.” (Ibid.) Thus, the nexus between charitable solicitations and the communication of information and advocacy of causes implicates interests protected by the First Amendment. (See Cornelius v. NAACP Legal Defense & Ed. Fund (1985) 473 U.S. 788, 799 [87 L.Ed.2d 567, 577-578, 105 S.Ct. 3439].) On the other hand, “with or without words, the object of begging ... is the transfer of money. Speech simply is not inherent to the act; it is not of the essence of the conduct.” (Young v. New York City Transit Authority, supra, 903 F.2d at p. 154; see also Ulmer v. Municipal Court, supra, 55 Cal.App.3d at p. 266.) Thus, for purposes of protection under the First Amendment, charitable solicitations are distinguishable from begging and soliciting alms.[5]
Since begging and soliciting alms is not constitutionally protected activity, the statute does not impinge upon a fundamental right. Additionally, beggars do not constitute a suspect class for purposes of equal protection analysis. Thus, the “rational relationship” test applies here. Under this standard there is a presumption of constitutionality. The classification will be upheld if it bears a rational relationship to a legitimate state purpose. (Weber v. City *Supp. 14 Council (1973) 9 Cal.3d 950, 958-959 [109 Cal.Rptr. 553, 513 P.2d 601].) Moreover, “the law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it.” (Williamson v. Lee Optical Co. (1955) 348 U.S. 483, 487-488 [99 L.Ed.2d 563, 572, 75 S.Ct. 461].)
The state has a legitimate interest in protecting its citizens from unwanted exposure to certain intrusive and unpleasant methods of expression which may properly be deemed a public nuisance. (See, e.g., Members of City Council v. Taxpayers for Vincent (1984) 466 U.S. 789, 805-806 [80 L.Ed.2d 772, 787-788, 104 S.Ct. 2118]; Lehman v. City of Shaker Heights (1974) 418 U.S. 298, 302-303 [41 L.Ed.2d 770, 776-777, 94 S.Ct. 2714]; Kovacs v. Cooper (1949) 336 U.S. 77, 93 [93 L.Ed. 513, 525-526, 69 S.Ct. 448].)
The legislative materials cited in Ulmer v. Municipal Court, supra, 55 Cal.App.3d at pages 265-266, indicate the California Legislature determined the act of accosting others, i.e., walking up to and approaching people in public to beg or solicit alms, constitutes a public nuisance.[6] Since the statute proscribes begging and soliciting alms only if such conduct entails accosting others in a public place, the statute bears a rational relationship to the state’s legitimate interest in protecting its citizens from intimidation, harassment, and other improprieties which may accompany such confrontations. In view of the foregoing, we conclude the statute does not violate the equal protection clause of the Fourteenth Amendment.
The order of dismissal is reversed, and the matter is remanded with directions to reinstate the complaint.
Roberson, P. J., concurred. Soven, J., concurred in the result.

Pursuant to Evidence Code sections 452, subdivision (d) and 459, the court takes judicial notice of the police report, which was inadvertently omitted from the record on appeal. The police report sets forth facts sufficient to establish a violation of Penal Code section 647, subdivision (c).

The court in Ulmer held the statute did not violate the First Amendment and was neither unconstitutionally overboard nor vague. (55 Cal.App.3d at pp. 266-267.)

Clearly, the statute does not prohibit an individual from approaching others to discuss the plight of the poor, et cetera.

The California Court of Appeal in Ulmer v. Municipal Court, supra, 55 Cal.App.3d 263, did not address the issue of whether the statute violates equal protection. Where, as in the instant case, lower federal courts are divided on a federal constitutional issue, state courts must necessarily make an independent determination of federal law. (Rohr Aircraft Corp. v. County of San Diego (1959) 51 Cal.2d 759, 764 [336 P.2d 521], reversed on other grounds in Rohr Corp. v. San Diego County (1960) 362 U.S. 628 [4 L.Ed.2d 1002, 80 S.Ct. 1050].)

As Justice Rehnquist stated in his dissent in Schaumburg, supra, 444 U.S. at page 644 [63 L.Ed.2d at p. 92]: “[N]othing in the United States Constitution should prevent residents of a community from making the collective judgment that certain worthy charities may solicit. . . while at the same time insulating themselves against panhandlers, profiteers, and peddlers.”

In Young v. New York City Transit Authority, supra 903 F.2d at page 158, the circuit court of appeals found a transit authority regulation proscribing begging and panhandling on the subway advanced “substantial government interests," noting that a majority of the subway’s 3,000,000 daily passengers perceive begging and panhandling to be “intimidating," “threatening,” and “harassing.” The court likened the act of begging on the subway to an assault, “creating in the passengers the apprehension of imminent danger.” (Ibid.)