CHURCH OF the SOLDIERS OF the CROSS OF CHRIST OF the STATE OF CALIFORNIA, et al., Plaintiffs,

v.

The CITY OF RIVERSIDE, et al., Defendants.

No. CV 94–8047 LGB (AJWx).

United States District Court, C.D. California.

March 2, 1995.

---

Gilbert Gaynor, Berkeley, CA, for plaintiffs.

Stan T. Yamamoto, City Atty., Gregory P. Priamos, Asst. City Atty., Juanda K. Lowder, Asst. City Atty., Riverside, CA, for defendants City of Riverside and Ken Fortier.

ORDER RE:

SUMMARY JUDGMENT

BAIRD, District Judge.

The motion of Plaintiffs Church of the Soldiers of the Cross of Christ of the State of California, and one of its pastors, Luis Zepeda (collectively "Church") for summary judgment against Defendants City of Riverside and Ken Fortier (collectively "City" or "Riverside") came on regularly for hearing before the Court on February 27, 1995.

Upon consideration of the moving and opposing papers, the oral arguments of counsel and all other matters presented, the Court hereby GRANTS Plaintiffs' motion for summary judgment.

1. The full text of section 9.04.010 reads as follows:
AGGRESSIVE SOLICITING PROHIBITED
(a) *Findings.* The people of the City of Riverside find that aggressive solicitation for money

**PROCEDURAL BACKGROUND:**

Plaintiffs filed a complaint for injunctive and declaratory relief against the City in this Court on November 30, 1994.

The Church filed an application for a temporary restraining order along with its complaint, maintaining that Riverside Municipal Code § 9.04.010, entitled "Aggressive Soliciting Prohibited," violates the California Constitution, the United States Constitution, and the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb et seq.

The Court granted Plaintiffs' application for a temporary restraining order on November 30, 1994, enjoining the City from enforcing the ordinance against the Church. The Court granted Plaintiffs' motion for a preliminary injunction in an order entered December 15, 1994. This preliminary injunction enjoined the City from enforcing the ordinance against the Church, or any other person or organization.

Now before the Court is Plaintiffs' motion for summary judgment. Plaintiffs seek a permanent injunction and declaratory relief. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**FACTUAL BACKGROUND:**

The parties do not dispute the facts surrounding this case.

Section 9.04.010 was amended on or about November 1, 1994, effective December 1, 1994. The "Findings" section of the ordinance states that "aggressive solicitation undermines the public's basic right to be in and enjoy public places without fear that they will be pursued by others seeking handouts." Riv.Mun.Code § 9.04.010(a). The ordinance regulates a broad range of behavior, including threatening people in vehicles for the purpose of soliciting alms; soliciting by coming within ten feet of the person solicited, unless that person indicates a desire to make a donation; and soliciting in a group of two or more persons. *Id.* § 9.04.010(b)(3), 9.04.010(c)(1), (5).[1] Violation of the ordinance is a misdemeanor or infraction, charge-

directed at residents, visitors, and tourists in areas of the City open to the public imperils their

able at the city attorney's discretion. *Id.* § 9.04.010(e).

Part of the religious work of the Church involves spreading the Gospel by sending out missionaries to distribute religious literature, to talk with interested persons about Christianity, to seek converts, and to ask for donations to further the Church's purposes. Plaintiffs' Statement of Uncontroverted

Facts ¶ 5. The Church asserts that it is a central part of its religious beliefs that Church missionaries must ask for donations to support the religious work of the Church. Declaration of Luis Zepeda in Support of Plaintiffs' Motion for Summary Judgment ¶ 5. The Church wishes to conduct its missionary activity, including the solicitation of donations in groups of two or more, in the City of Riverside. Plaintiffs' Facts ¶¶ 6, 8.

safety and welfare. This conduct in turn jeopardizes the City's economy by discouraging visitors and prospective customers from coming to Riverside for business, recreation and shopping. This conduct also threatens to drive City residents out of the City for their recreational and shopping activities. Further, the people find that aggressive solicitation undermines the public's basic right to be in and enjoy public spaces without fear that they will be pursued by others seeking handouts. The people further find that no state laws protect the public from these problems.

(b) *Prohibition.* No person shall coerce, threaten, hound, harass or intimidate another person for the purpose of soliciting alms in any of the following places:

(1) At any bus stop;

(2) In any public transportation vehicle or facility;

(3) In any vehicle on the street;

(4) On private property, unless the solicitor has permission from the owner or tenant;

(5) Within ten (10) feet of any entrance way into or exit from any building open to the public other than those referenced in subparagraph (6);

(6) Within fifty (50) feet of any bank, savings and loan, or other financial institution buildings, including their outdoor automatic teller machines;

(7) In the parking lot of any bank, savings and loan, or other financial institution;

(8) Within fifty (50) feet of all cash disbursal machines, outdoor vending machines, outdoor money changing machines, or any other outdoor machine or device which disburses or accepts coins or paper currency, except parking meters and newspaper vending machines;

(9) Within (6) feet of the face of any building not otherwise specifically referenced in this section or within six (6) feet of any fence or other structure separating private property from the public right of way, other than cyclone fences between vacant lots and the public right of way;

(10) While seated on or leaning against any public bench, planter, monument or other public property;

(11) While seated on or leaning against privately owned property without the property owner's consent;

(12) Within any portion of the sidewalk between the license area limit line of any side-

walk cafe or other open air eating establishment and the curb of the sidewalk and in no other location within (10) feet of any such license area limit line.

(c) *Manner of 'Soliciting'.* It is unlawful for any person to solicit in any of the following manners:

(1) By coming within ten (10) feet of the person solicited, until that person has indicated that he or she wishes to make a donation;

(2) By blocking the path of the person solicited, or other pedestrians, along a sidewalk or street;

(3) By following a person who walks away from the solicitor;

(4) By using profane or abusive language, either during the solicitation or following a refusal;

(5) By soliciting in a group of two (2) or more persons; or

(6) While under the influence of alcohol or any illegal narcotic or controlled substance.

(d) *False or Misleading Solicitation.* It is unlawful for any person to knowingly make any false or misleading representation in the course of soliciting a donation. False or misleading representations include, but are not limited to, the following:

(1) Stating that the donation is needed to meet a specific need, when the solicitor already has sufficient funds to meet that need and does not disclose that fact;

(2) Stating that the donation is needed to meet a need which does not exist;

(3) Stating that the solicitor is from out of town and stranded, when that is not true;

(4) Stating that the solicitor is homeless, when he or she is not;

(5) Stating that the solicitor is soliciting on behalf of an organization which does not exist or which has not authorized the solicitor to seek donations on its behalf.

(e) *Penalty.* A violation of this Section is punishable as a misdemeanor or infraction, chargeable at the City Attorney's discretion.

(f) *Severability.* If any part of this section, or the application thereof to any person or circumstance, is held invalid, the remainder of the section, including the application of that part or provision to other persons or circumstances, shall not be affected thereby and shall continue in full force and effect. To this end, the provisions of this section are severable.

Based on the above uncontroverted facts, the Court makes the following conclusions of law:

## LEGAL STANDARDS:

### A. Summary Judgment.

A court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

### B. Permanent Injunction.

■ A plaintiff is entitled to a permanent injunction upon a showing of actual success on the merits and lack of an adequate legal remedy. *See Koniag, Inc. v. Koncor Forest Resource*, 39 F.3d 991, 1000 n. 9 (9th Cir. 1994); *Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 872 (9th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 970, 122 L.Ed.2d 125 (1993).

### C. Declaratory Relief.

"In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration ..." 28 U.S.C. § 2201(a).

## DISCUSSION:

### A. Role of State Law.

Plaintiff Church challenges the Riverside ordinance under the California Constitution,[2] the First Amendment of the United States Constitution, and the Religious Freedom

Restoration Act of 1993, 42 U.S.C. § 2000bb et seq.[3]

■ "It is well-established that [federal courts] should avoid adjudication of federal constitutional claims when alternative state grounds are available." *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391–92 (9th Cir.) (citations omitted), *cert. denied*, — U.S. —, 115 S.Ct. 510, 130 L.Ed.2d 417 (1994). If related federal and state constitutional provisions are co-extensive, then a federal court may decide the federal claims because that analysis will also decide the state claims. *Id.* However, where the state provisions offer more expansive protection than the federal constitution, federal courts "must address the state constitutional claims in order to avoid unnecessary consideration of the federal constitutional claims." *Id.; see also Carreras v. City of Anaheim*, 768 F.2d 1039, 1042–43 (9th Cir.1985).

■ "As a general matter, the liberty of speech clause in the California Constitution is more protective of speech than its federal counterpart." *Griset v. Fair Political Practices Comm'n*, 8 Cal.4th 851, 866 n. 5, 35 Cal.Rptr.2d 659, 884 P.2d 116 (1994). Therefore, the Court may resolve this case by addressing Plaintiffs' state constitutional claims.[4]

### B. The Constitutionality of the Ordinance.

■ The Riverside solicitation ordinance violates the California Constitution on its face because of its content-based distinction between regulated and unregulated speech. In fact, the ordinance makes two improper distinctions, each of which independently renders the ordinance unconstitutional. First,

---

2. The free speech provision of the California Constitution states: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." Cal. Const. art. 1, § 2(a).

3. The Religious Freedom Restoration Act provides that:

Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—

(1) is in furtherance of a compelling governmental interest; and
(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb–1(b).

4. Because the Court holds that the Riverside ordinance violates the California Constitution, it is not necessary to address Plaintiffs' alternative claims as to the validity of the ordinance based on the First Amendment of the United States Constitution, and the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb et seq.

the ordinance impermissibly singles out speech that involves soliciting donations. Second, the ordinance does not regulate both commercial and non-commercial speech: it applies only to non-commercial speakers.

## 1. Regulation of Speech Involving Soliciting.

In *Alternatives for California Women, Inc. v. County of Contra Costa*, 145 Cal. App.3d 436, 193 Cal.Rptr. 384 (1983), the court considered the constitutionality of an ordinance that prohibited door-to-door soliciting during certain hours.[5] The court began its analysis by observing that the "solicitation of financial contributions in conjunction with" the "dissemination of information, printed matter and ideas" is protected by the free speech provisions of the California and United States Constitutions. *Id.* at 448, 193 Cal.Rptr. 384 (citations omitted). The court noted that "[t]ime, manner, and place regulations must be applicable to all speech without regard to content." *Id.* at 450, 193 Cal.Rptr. 384 (citing *Consolidated Edison Co. v. Public Serv. Comm'n*, 447 U.S. 530, 536, 100 S.Ct. 2326, 2332–33, 65 L.Ed.2d 319 (1980)).

The *Alternatives for California Women* court held that the challenged ordinance:

> permits unlimited access by persons who wish to approach residents about random subjects, but it does not do this for persons or organizations soliciting funds (such as [Alternatives for California Women]). The ordinance discriminates on the basis of the content of a speaker's message to the extent that a person who literally *solicits* from residents is regulated but one who seeks only a receptive listener is not. This disparity has the effect of making the ordinance constitutionally deficient.

145 Cal.App.3d at 450, 193 Cal.Rptr. 384 (citing *Consolidated Edison*, 447 U.S. at 537, 100 S.Ct. at 2333 (striking down law that permitted bill inserts that discussed certain subjects, but not public controversies)); *Car-*

*ey v. Brown*, 447 U.S. 455, 460–63, 100 S.Ct. 2286, 2290–91, 65 L.Ed.2d 263 (1980) (striking down ban on residential picketing that exempted labor picketing); and *Police Department of Chicago v. Mosley*, 408 U.S. 92, 95–96, 92 S.Ct. 2286, 2289–90, 33 L.Ed.2d 212 (1972) (holding that municipality could not exempt labor picketing from a general prohibition on picketing at a school).

In *Carreras v. City of Anaheim*, 768 F.2d 1039 (9th Cir.1985), the Ninth Circuit considered an ordinance that regulated speech that involved soliciting donations, but did not regulate similar speech that did not include solicitation. Evaluating this law under the California Constitution, the court found that *Alternatives for California Women* was "directly on point." 768 F.2d at 1048. The court held that because the challenged ordinance "regulated only those speakers whose message includes an appeal for funds[,] .... the ordinance on its face violated the California Constitution by discriminating between regulated and unregulated speech on the basis of its content." *Id.*

The City of Riverside claims that section 9.04.010 is content neutral because the ordinance "applies to every person and organization who wishes to solicit alms in the City." Defs.' Mem.Opp.Order to Show Cause at 5. Under *Carreras* and *Alternatives for California Women*, however, an ordinance violates the California Constitution if it regulates only those speakers whose message includes an appeal for funds, even if the ordinance regulates *all* speakers who appeal for funds.

Riverside argues that the ordinance can be upheld under the California Constitution based on *Ulmer v. Municipal Court*, 55 Cal. App.3d 263, 127 Cal.Rptr. 445 (1976). In *Ulmer*, the court upheld a state law that made it a crime to "accost[ ] other persons in any public place or in any place open to the public for the purpose of begging or soliciting alms." Cal.Pen.Code § 647(c). The *Ulmer*

---

**5.** Although the *Alternatives for California Women* court cited only federal cases in its discussion of this point, its holding "is most plausibly interpreted as independently grounded" on the California Constitution's Liberty of Speech Clause. *Carreras v. City of Anaheim*, 768 F.2d 1039, 1048 n. 21 (9th Cir.1985) (noting that the California

Court of Appeal stated explicitly that it was interpreting both the federal and state constitutions, and that the California court did not likely believe that its interpretation of the state constitution was compelled by the decisions interpreting the federal constitution).

court held that "[b]egging and soliciting for alms do not necessarily involve the communication of information or opinion; therefore, approaching individuals for that purpose is not protected by the First Amendment." 55 Cal.App.3d at 266, 127 Cal.Rptr. 445.

The *Ulmer* court did not clearly state whether it interpreted the phrase "soliciting alms" in section 647(c) to include charitable appeals in addition to plain "begging." *Ulmer*, 55 Cal.App.3d at 266–67, 127 Cal.Rptr. 445; *see also Blair v. Shanahan*, 775 F.Supp. 1315, 1321–26 (N.D.Cal.1991) (interpreting section 647(c) as regulating begging, not charitable solicitation, but still holding that the statute violates the First Amendment), *remanded*, 38 F.3d 1514 (9th Cir.1994) (remanded to consider vacating judgment based on mootness of appeal).

If *Ulmer* merely holds that *begging* is not protected by the First Amendment, then *Ulmer* is not relevant because, as Riverside's counsel stated at oral argument regarding Plaintiffs' application for a preliminary injunction, the Riverside ordinance regulates all charitable solicitation, including solicitation by religious and political groups.[6]

If *Ulmer* holds that approaching people for the purpose of *soliciting charitable donations* is not protected by the First Amendment, then *Ulmer* has been thoroughly discredited by subsequent state and federal court decisions. Of particular significance is that *Ulmer* was decided before *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980). As noted by the California Court of Appeal in *Hillman v. Britton*, 111 Cal.App.3d 810, 168 Cal.Rptr. 852 (1980), *Schaumburg* clearly established that charitable solicitation is constitutionally protected. 111 Cal.App.3d at 817–18, 168 Cal.Rptr. 852 (citing *Schaumburg*, 444 U.S. at 632–33, 100 S.Ct. at 833–34).

Because the Riverside ordinance regulates charitable solicitation, this case is akin to the solicitation cases decided under the California Constitution after *Ulmer*: *Alternatives for California Women* and *Carreras*.[7] Because the Riverside ordinance makes content-based speech distinctions like those considered in *Alternatives for California Women* and *Carreras*, the Riverside ordinance likewise violates the California Constitution.[8]

**6.** Similarly inapposite is the City's reliance on *Young v. New York City Transit Authority*, 903 F.2d 146 (2d Cir.), *cert. denied*, 498 U.S. 984, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990). *Young* considered the prohibition of begging in the New York City subway system, deemed a nonpublic forum. *Id.* 903 F.2d at 161–62. The court held that *begging* "falls far outside the scope of protected speech under the First Amendment." 903 F.2d at 154. Riverside's ordinance, however, regulates charitable solicitation in a quintessential public forum. The *Young* court did not address such a law. Nor did the court decide *any* issue under the California Constitution.

Moreover, the *Young* decision was construed narrowly in a subsequent Second Circuit case, *Loper v. New York City Police Department*, 999 F.2d 699 (2d Cir.1993). In *Loper*, the court held that an anti-begging ordinance applicable to a *public* forum, the streets of New York City, violated the First Amendment. The court observed that:

It cannot be gainsaid that begging implicates expressive conduct or communicative activity.... We see little difference between those who solicit for organized charities and those who solicit for themselves in regard to the message conveyed. The former are communicating the needs of others while the latter are communicating their personal needs. Both solicit the charity of others. The distinction is

not a significant one for First Amendment purposes.

999 F.2d at 704.

In any event, it is not necessary for this Court to determine the extent to which begging is protected by the California and United States Constitutions.

**7.** Moreover, despite the broad language in *Ulmer* that "approaching individuals for [the purpose of begging or soliciting alms] is not protected by the First Amendment," two justices of the California Supreme Court cited *Ulmer* for the far narrower proposition that "begging and soliciting for alms do not enjoy *absolute* constitutional protection." *People v. Fogelson*, 21 Cal.3d 158, 168, 145 Cal. Rptr. 542, 577 P.2d 677 (1978) (Mosk, J., concurring) (emphasis added).

**8.** Although the *Alternatives for California Women* and *Carreras* courts held that the ordinances at issue were unconstitutional based solely upon the content distinctions, courts sometimes state that content-based regulations are permissible if they are necessary to serve a compelling interest. *See, e.g., R.A.V. v. City of St. Paul*, —— U.S. ——, ——————, 112 S.Ct. 2538, 2549–50, 120 L.Ed.2d 305 (1992).

In this case, although Riverside may have a compelling interest in preventing some of the

## 2. Distinction Between Commercial and Non–Commercial Speech.

In addition to singling out for regulation only speech that includes solicitations, the Riverside ordinance fails to apply equally to the solicitation activity of *all* persons or groups who wish to solicit funds. Although the ordinance does not precisely define the solicitation purposes subject to regulation, it certainly does not target all solicitors, be they charitable, nonprofit, or commercial.

The "Findings" section of the ordinance states that the public has a right not to be pursued by others seeking "handouts." Riv. Mun.Code § 9.04.010(a). The operative sections of the ordinance refer alternatively to the solicitation of "alms," "donations," or plainly "soliciting." *Id.* § 9.04.010(b)-(d). The use of "handouts" in the "Findings" section suggests that the ordinance is aimed at soliciting by and for the poor. The City's interpretation of the ordinance as applicable to "every person and organization who wishes to solicit *alms* in the City" (emphasis added) likewise suggests that commercial solicitation, for example, is not covered by the ordinance. Defs.' Mem.Opp.Order To Show Cause at 5.[9] Moreover, the City indicated during oral argument regarding Plaintiffs' application for a preliminary injunction that the ordinance does not apply to commercial solicitation.

Riverside's regulation only of solicitors for alms, donations or handouts, but not solicitors for commercial purposes, renders the Riverside ordinance unconstitutional. *See Gonzales v. Superior Court*, 180 Cal.App.3d 1116, 1124, 226 Cal.Rptr. 164 (1986) (striking down an ordinance that prohibited certain non-commercial signs, while permitting many commercial signs); *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 513, 101 S.Ct. 2882, 2895, 69 L.Ed.2d 800 (1981) (plurality) (city could not ban non-commercial billboards while permitting commercial billboards).

The Riverside ordinance is distinguishable from the solicitation regulations considered by the United States Supreme Court in *Heffron v. International Society for Krishna Consciousness, Inc.*, 452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981). In *Heffron*, the Court deemed content-neutral a regulation of the distribution and sale of written materials, and the solicitation of funds, because the regulations applied evenhandedly to all persons or organizations, whether commercial, charitable or nonprofit. 452 U.S. at 644, 648–49, 101 S.Ct. at 2562, 2564–65. The Riverside ordinance, however, cannot be considered content-neutral under *Heffron* because it discriminates between commercial and non-commercial speech.

## CONCLUSION:

The Court hereby GRANTS Plaintiffs' motion for a declaration that Riverside Municipal Code § 9.04.010 violates the California Constitution on its face.

The Court hereby GRANTS Plaintiffs' motion for summary judgment as to Plaintiffs'

---

behavior regulated by the ordinance, the City has no such interest in preventing other regulated activities, such as soliciting by coming within ten feet of the person solicited, and soliciting in a group of two or more persons. There can be no compelling state interest in the suppression of speech, like such solicitation, which is protected by the First Amendment. *See, e.g., Boos v. Barry*, 485 U.S. 312, 322, 108 S.Ct. 1157, 1164, 99 L.Ed.2d 333 (1988) (noting that people must tolerate insulting or outrageous speech to provide adequate breathing space to First Amendment freedoms; also noting the Court's refusal to punish speech because of its adverse emotional impact on the audience).

Even if Riverside did have a compelling interest for all of its regulations, the ordinance is not narrowly tailored to serve that interest. As the Supreme Court noted in *R.A.V.*, the existence of adequate content-neutral alternatives significantly undercuts the argument that a content-based

regulation is necessary. —— U.S. at ——, 112 S.Ct. at 2550. In this case, Riverside could have passed an ordinance not limited to non-commercial solicitation. Moreover, the City could serve its interests in combatting fraud, intimidation, coercion and harassment by enforcing generally applicable statutes that address this type of conduct. *See Loper v. New York City Police Dept.*, 999 F.2d 699, 705 (2d Cir.1993); *Blair*, 775 F.Supp. at 1324–25.

9. As interpreted by the City, the religious solicitation of the Church is covered by the "aggressive solicitation" ordinance. In a letter to counsel for the Church—with a copy sent to the chief of police—an assistant city attorney notified counsel of the solicitation ordinance, enclosed a copy, and directed: "Please advise your client that the City will be enforcing violations of this law to the fullest extent possible." Complaint Ex. D.

request for a permanent injunction enjoining enforcement of Riverside Municipal Code § 9.04.010.

Defendants the City of Riverside and Ken Fortier, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, are hereby restrained from enforcing section 9.04.010 of the Riverside Municipal Code.

**IT IS SO ORDERED.**