652 So.2d 1254 (1995)
Wayne Dean LEDFORD, Petitioner,
v.
STATE of Florida, Respondent.
No. 94-02873.
District Court of Appeal of Florida, Second District.
April 7, 1995.
*1255 Robert E. Jagger, Public Defender, Clearwater, and Jean M. Higham, Asst. Public Defender, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee and Helene S. Parnes, Asst. Atty. Gen., Tampa, for respondent.
Sherman W. Smith, Sp. Asst. City Atty., St. Petersburg, for respondent.
FRANK, Chief Judge.
Wayne Dean Ledford seeks review of a decision of the circuit court acting in its appellate capacity affirming the county court's determination that section 20-79, City of St. Petersburg Code, "Begging for Money," is constitutional. We conclude that the ordinance is unconstitutional, grant the petition, issue the writ, and remand for further proceedings.
Ledford was arrested and charged with begging for money in violation of section 20-79, which provides as follows:
(a) It shall be unlawful for any person to beg for money in the City while about or upon any public way, and it shall be unlawful for any persons to be in or upon any public way in the City for the purpose of begging money for themselves or any other person.
(b) This section shall not apply to any solicitation made by a person who holds a valid solicitor's certificate of registration as required by section 17-166; nor shall this section apply to a solicitation contemplated by section 25-8 [Doing Business on streets and sidewalks], if the person making the solicitation has a permit as required by section 25-8.
The county court found the ordinance constitutional. Thereafter, Ledford pleaded no contest, specifically reserving the right to appeal the issue of the constitutionality of the ordinance. The circuit court per curiam affirmed the county court's order denying a motion to dismiss.
Ledford now launches several attacks upon the constitutionality of the ordinance. "Begging" is entitled to some constitutional protection and it cannot be disputed that the ordinance regulates speech in a public forum. Hence, the ordinance is subject to strict constitutional scrutiny. First Amendment analysis subjects the regulation of speech occurring on property traditionally available for public expression to the highest scrutiny. Such property includes streets and parks, which are said to "have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions." Loper v. New York City *1256 Police Dept., 999 F.2d 699, 703 (2d Cir.1993) (quoting Hague v. Committee for Indust. Org., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939)). We conclude that the ordinance challenged here is overbroad and vague.
Florida courts have assessed the constitutionality of various ordinances restricting begging. For example, in CCB v. State, 458 So.2d 47 (Fla. 1st DCA 1984), the court examined a Jacksonville municipal ordinance prohibiting all forms of begging or soliciting for alms in the streets or public places. Jacksonville's interest was to control undue annoyance and to prevent blockage of vehicular and pedestrian traffic. The First District determined that such an interest must be measured and balanced against the "rights of those who seek welfare and sustenance for themselves, by their own hand and voice" rather than by means of a charitable group's efforts undertaken in the same forum. The ordinance was declared overbroad and unconstitutional because it abridged in a "more intrusive manner than necessary ... the [F]irst [A]mendment right of individuals to beg or solicit alms for themselves." CCB, 458 So.2d at 48. In condemning the Jacksonville ordinance, the court noted that, although the beggar's right is subject to regulation, it may not be precluded. "Protecting citizens from mere annoyance is not a sufficient compelling reason to absolutely deprive one of a [F]irst [A]mendment right." 458 So.2d at 50. While the City of Jacksonville could not foreclose begging, it was allowed to "regulate that right subject to strict guidelines and definite standards closely related to permissible municipal interests, such as could be imposed by a narrowly drawn permit system." Id.
Other jurisdictions have confined the determination of the constitutionality of begging ordinances to the level of restriction imposed upon protected speech. The New York courts have held unconstitutional a penal law that broadly prohibits loitering, see Loper v. New York City Police Dept., 999 F.2d 699 (2d Cir.1993), and upheld as constitutional a prohibition against begging and panhandling in the New York City subway system, see Young v. New York City Transit Authority, 903 F.2d 146 (2d Cir.), cert. denied, 498 U.S. 984, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990). The restrictions on speech in the subway were constitutional because they were no greater than necessary to further the government's interest in preventing disruption and startling of passengers. Ordinances from Washington and Texas have been upheld because they prohibit "aggressive begging." The narrowly drawn laws protect the public from beggars who intimidate and accost those who pass to obtain money. See Roulette v. City of Seattle, 850 F. Supp. 1442 (W.D.Wash. 1994); Johnson v. City of Dallas, 860 F. Supp. 344 (N.D.Tex. 1994). Both of these ordinances had the aim of preventing the passerby from being coerced, threatened, or intimidated by aggressive beggars.
We hold that begging is communication entitled to some degree of First Amendment protection. In the present case, since the ordinance restricts speech on the "public ways," a traditional public forum, the regulation is subject to intense scrutiny. Such regulations survive only if: (1) they are narrowly drawn to achieve a compelling governmental interest; (2) the regulations are reasonable; and (3) the viewpoint is neutral.
In subjecting the ordinance to strict scrutiny, we hold that section 20-79 of the City of St. Petersburg Code is unconstitutionally overbroad and infringes on Ledford's free speech rights in a manner more intrusive than is necessary. We embrace the holding in CCB that the aim of protecting citizens from annoyance is not a "compelling" reason to restrict speech in a traditionally public forum. See CCB, 458 So.2d at 50. Although section 20-79 does not ban begging in all public places, the ordinance is overbroad; it does not distinguish between "aggressive" and "passive" begging. Furthermore, section 20-79 is vague. To withstand a challenge for vagueness, an ordinance must provide adequate notice to persons of common understanding concerning the behavior *1257 prohibited and the specific intent required: it must provide "citizens, police officers and courts alike with sufficient guidelines to prevent arbitrary enforcement." City of Seattle v. Webster, 115 Wash.2d 635, 645, 802 P.2d 1333, 1339 (Wash. 1990), cert. denied, 500 U.S. 908, 111 S.Ct. 1690, 114 L.Ed.2d 85 (1991). The ordinance under review does not define the terms "beg" or "begging," nor is its intent expressed. Consequently, the danger of arbitrary enforcement exists.
For these reasons, the decision of the circuit court must be reversed. Accordingly, we grant the petition, issue the writ, and remand for further proceedings consistent with this opinion.
BLUE and WHATLEY, JJ., concur.