995 So.2d 401 (2008)
Herbert N. PRICE, Appellant,
v.
STATE of Florida, Appellee.
No. SC06-2045.
Supreme Court of Florida.
October 8, 2008.
*403 Mary Elizabeth Adkins, Melrose, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, and Kristen Davenport, Assistant Attorney General, Daytona Beach, FL, for Respondent.
QUINCE, C.J.
Herbert N. Price seeks review of the decision of the Fifth District Court of Appeal in Price v. State, 937 So.2d 702 (Fla. 5th DCA 2006), on the ground that it expressly and directly conflicts with the decision of this Court in State v. Gray, 435 So.2d 816 (Fla.1983), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we approve the decision by the Fifth District Court of Appeal in Price to the extent it is not inconsistent with this opinion. We hold that our decision in Gray is not applicable to this case because the information alleged the essential elements of the crime. Additionally, we hold that the district court did not erroneously dismiss Price's direct appeal.

FACTS AND PROCEDURAL HISTORY
An information was filed against Herbert N. Price, which charged him with one count of violating section 794.011(4)(f), Florida Statutes (2000), sexual battery on a physically incapacitated person. Count I of the information stated:
IN THAT HERBERT PRICE on or about May 07, 2001, in the County of VOLUSIA and State of Florida, did unlawfully commit sexual battery by oral and/or vaginal petration [sic] by, or union with the sexual organ of [the victim] a person 12 years of age or older, without [the victim's] consent and while [the victim] was physically incapacitated, contrary to Florida Statute 794.011(4)(f). (1 DEG FEL)
At trial, Price did not claim the charging information was defective, nor did he file a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c). The jury found Price guilty as charged. The trial court sentenced Price to ten years in the Department of Corrections to be followed by fifteen years of sex offender probation. He was also designated a sexual predator.
Price filed an appeal to the Fifth District Court of Appeal. Price also filed a motion to dismiss his private counsel which the Fifth District granted. For purpose of appeal, Price petitioned for the appointment of counsel; the petition was granted. After appointment, the public defender filed a motion to withdraw as Price's counsel. Price, pro se, voluntarily dismissed the direct appeal before the Fifth District made a decision on whether to grant the public defender's motion to withdraw as Price's counsel.
Price filed with the trial court a petition for writ of habeas corpus, wherein he alleged that the information charging him with the crime was fatally defective and did not support a judgment of conviction because it failed to allege an essential element of the offense. The trial court denied his petition. Price appealed the denial to the Fifth District Court of Appeal, and the Fifth District affirmed the denial of relief. The district court reasoned that a habeas petition cannot be used to litigate *404 matters, such as the legal sufficiency of the information, which could have been or should have been raised on direct appeal. See Price, 937 So.2d at 702-03. In contrast, in State v. Gray, we held that where an information wholly omits an essential element it is a defect that can be raised at any time. See 435 So.2d at 818. We granted review based on alleged express and direct conflict with this Court's decision in Gray on the issue of whether an information's defect, which wholly omits an essential element, must be raised on direct appeal or may be raised at any time.

ANALYSIS
This case presents the Court with two issues: (1) whether the information charging Price with the crime of sexual battery on a physically incapacitated person was fundamentally defective; and (2) whether the district court erroneously dismissed Price's direct appeal. Price asserts that because the information failed to allege an essential element of the charged crime, a fundamental defect, this issue may be raised for the first time in a proceeding for postconviction relief. Thus, Price asserts that he properly raised the issue in his petition for writ of habeas corpus. While we held in Gray that the failure to allege an essential element of a crime can be raised at any time, we conclude that Gray is not applicable because the information in this case did not wholly fail to allege the crime of sexual battery on a physically incapacitated person.

Defective Information
The first issue in this case is whether the information charging Price with the crime of sexual battery on a physically incapacitated person was fatally defective. Due process of law requires the State to allege every essential element when charging a violation of law to provide the accused with sufficient notice of the allegations against him. Art. I, § 9, Fla. Const.; M.F. v. State, 583 So.2d 1383, 1386-87 (Fla.1991). There is a denial of due process when there is a conviction on a charge not made in the information or indictment. See Gray, 435 So.2d at 818; see also Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); De Jonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937). For an information to sufficiently charge a crime it must follow the statute, clearly charge each of the essential elements, and sufficiently advise the accused of the specific crime with which he is charged. See Rosin v. Anderson, 155 Fla. 673, 21 So.2d 143, 144 (1945). Generally the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial. See Gray, 435 So.2d at 818 (citing Lackos v. State, 339 So.2d 217 (Fla.1976)).
Price contends that the information failed to charge the method of sexual battery. More specifically, Price claims that the information wholly failed to allege whether the sexual battery occurred through penetration by an instrument or contact with a sexual organ from Price's body. The State charged alternative methods of committing sexual battery. Specifically, the State charged that Price "unlawfully commit[ted] sexual battery by oral and/or vaginal petration [sic] by, or union with the sexual organ of [the victim]." Under section 794.011, Florida Statutes (2006), the offense of sexual battery may be committed in several ways. Section 794.011 defines sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." The instant information tracked the language of statute and adequately placed Price on notice that he was charged with sexual battery. The offense of sexual battery may be proven by alternative methods, so it follows that the *405 information should be free to include such alternative bases for conviction.
We approve the decision of the district court because we find that the information alleged the essential elements of the crime. The information charged the offense substantially in the language of the statute. Section 794.011(4)(f), Florida Statutes (2006), states:
A person who commits sexual battery upon a person 12 years of age or older without that person's consent, under any of the following circumstances, commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, s. 775.084, or s. 794.0115:
....
(f) When the victim is physically incapacitated.
For this type of sexual battery, the essential elements are: (1) a person who commits sexual battery upon a person twelve years of age or older; (2) without the victim's consent; (3) when the victim is physically incapacitated. § 794.011(4)(f), Fla. Stat. (2006). The information in this case stated these essential elements. Therefore, the information was sufficient to charge an offense of sexual battery. The inclusion of the alternative language in the information did not make the information fundamentally defective.
In contrast, in Gray, the defendant filed a motion for an order in arrest of judgment in which he challenged for the first time the sufficiency of the information to charge a crime. See 435 So.2d at 818. He asserted that because the information failed to include essential elements of the crime it was fundamentally defective and subject to challenge. Id. The trial court denied the motion, but the Fifth District Court of Appeal reversed, finding that the information did fail to include essential elements of the crime. See Gray v. State, 404 So.2d 388, 392 (Fla. 5th DCA 1981), quashed, 435 So.2d 816 (Fla.1983). After accepting jurisdiction in Gray, we held that where an information wholly omits to allege an essential element of the crime it is a defect that can be raised at any time. See 435 So.2d at 818. In the instant case, we find that our holding in Gray is not applicable because the information did not wholly fail to allege any element of the crime of sexual battery. Instead, the instant information tracked the language of the statute, clearly charged the essential elements of the crime, and sufficiently advised Price of the specific crime with which he was charged. Therefore, our holding in Gray is not applicable because the instant information was not fundamentally defective.
Courts should uphold indictments and informations if they are in substantial compliance with the statutory requirements. See Barrentine v. State, 72 Fla. 1, 72 So. 280, 282 (1916). We noted in Chicone v. State, 684 So.2d 736, 744 (Fla.1996), because the legislature has the primary authority for defining crimes, it will be a rare occasion that an information tracking the language of the statute defining the crime will be found to be insufficient to put the accused on notice of the misconduct charged. In addition to using language from the statute, the information in this case referenced the specific section of the criminal code which sufficiently details all the elements of the offense. In DuBoise v. State, 520 So.2d 260, 265 (Fla.1988), we held that when the information references a specific section of the criminal code which sufficiently details all the elements of the offense, the State's failure to include an element of a crime does not automatically render an information so defective that it will not support a judgment of conviction.
Moreover, rule 3.140(o) of the Florida Rules of Criminal Procedure provides:
No indictment or information, or any count thereof, shall be dismissed or *406 judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.

(Emphasis added.) The information in this case tracked the language of the statute, so the information was not so defective as to rise to the level denoted in rule 3.140(o). See Chicone, 684 So.2d 736 (noting that under rule 3.140(o) an information will not be dismissed on account of any defect in the information). There is nothing in the record showing that Price was misled as to what he was charged with or that he was embarrassed in the preparation of his defense. At trial Price did not claim the information was defective, nor did he file a motion to dismiss under Florida Rules of Criminal Procedure. There is nothing in the record that shows actual prejudice to the fairness of Price's trial. We hold that our decision in Gray is not applicable to this case because the information was not fundamentally defective. Accordingly, Price is entitled to no relief on this claim.

Dismissal of Direct Appeal
The second issue presented here is whether the district court erroneously dismissed Price's direct appeal. Price argues that the Fifth District erroneously approved his pro se, voluntary dismissal even though he was then represented by counsel. Price asserts that he was deprived of his opportunity under Anders[1] to have his issues on direct appeal examined by the court. Although this issue is not the one on which jurisdiction is based, we may, in our discretion, consider other issues properly raised and argued. See Savoie v. State, 422 So.2d 308, 310 (Fla.1982). We exercise our discretion to review this issue.
When the public defender filed the Anders brief that asserted there were no arguable issues for appeal, the Fifth District's Anders order invited Price to respond within fifteen days to the public defender's Anders brief. Price argues that the Fifth District should have treated his voluntary dismissal as a waiver of his right to file a responsive brief. However, in Price's motion to voluntarily withdraw his direct appeal, he specifically stated that he moved to dismiss the above-styled cause pursuant to Florida Rule of Appellate Procedure 9.350. Rule 9.350(b) states that "[a] proceeding of an appellant or petitioner may be dismissed before a decision on the merits by filing a notice of dismissal...." (emphasis added). Thus, it should have been apparent to Price that he was dismissing the proceeding, not just the right to file a responsive brief.
Additionally, Price argues that the district court should have examined the record to determine whether the case was wholly frivolous as Anders requires. See Anders, 386 U.S. at 744-45, 87 S.Ct. 1396. He argues that only after examination of the record could the district court grant the public defender's motion to withdraw as counsel and decide whether to dismiss the direct appeal or reach a decision on the merits. While Price's reading of Anders is correct, his argument does not take into account the fact that his voluntary dismissal of his appeal made this examination moot. After Price withdrew his appeal there was no longer a need for the district court to decide whether the case was wholly *407 frivolous or whether to grant counsel's motion to withdraw.
Price further argues that a defendant does not have a constitutional right to be represented by counsel and act pro se. See Logan v. State, 846 So.2d 472, 474-76 (Fla.2003) (holding that a defendant does not have the right to simultaneously represent himself and be represented by counsel). Even though Price does not have a constitutional right to be both represented by counsel and to act pro se, we have held that it is in the sound discretion of the appellate court whether to allow a convicted defendant the ability to proceed pro se in an appellate proceeding. See id. at 474 (quoting Davis v. State, 789 So.2d 978, 980 (Fla.2001)). Therefore, the Fifth District had the discretion to allow Price to act pro se when voluntarily withdrawing his direct appeal. Reversible error has not been demonstrated.

CONCLUSION
We hold that our decision in State v. Gray, 435 So.2d 816 (Fla.1983), is not applicable to this case because the information did not wholly fail to charge a crime. The information alleged the essential elements of the crime and was not fundamentally defective. Additionally, we hold that the district court did not erroneously dismiss Price's direct appeal. For the foregoing reasons, we approve the decision by the Fifth District Court of Appeal in Price to the extent it is not inconsistent with this opinion.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.
NOTES
[1] Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).