PER CURIAM.
Robert Gorham appeals the dismissal of his Florida Rule Criminal Procedure 3.800(a) motion. At issue is Gorham’s sentence for burglary of a conveyance with an assault or battery under section 810.02(2)(a), Florida Statutes. Gorham argues that his sentence for the enhanced first-degree felony form of burglary is illegal because the jury’s verdict did not specify what crime Gorham committed during the course of the burglary, an assault or a battery. Gorham contends that a possibility exists that the jury’s verdict was not unanimous as to whether he committed an assault or battery specifically. The trial court dismissed this motion without prejudice for Gorham to file a legally sufficient rule 3.850 motion because Gorham’s claim was attacking the validity of his conviction, not the legality of his sentence.
Gorham has raised a challenge under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), i.e., that the jury’s verdict does not reflect the findings necessary to support a sentence in excess of the statutory maximum for a simple burglary. See Gonzalez v. State, 876 So.2d 658, 661 (Fla. 3d DCA 2004) (finding that whether an assault or battery occurred during the course of a burglary is a fact that increases the penalty for a crime beyond the statutory maximum for Apprendi purposes).
Rule 3.800(a) is a proper vehicle to raise certain Apprendi challenges that can be determined from the face of the record. Hughes v. State, 826 So.2d 1070, 1072 (Fla. 1st DCA 2002). We agree that *130 the question of whether Gorham is attacking his conviction or his sentence in this motion is not entirely clear. Because we conclude that Gorham’s claims lack merit, any error in the dismissal of Gorham’s motion is harmless, and for the reasons that follow, we affirm.
Under section 810.02(2)(a), a defendant commits a first-degree felony punishable by life if, during the course of committing a burglary, he or she “[Mjakes an assault or battery upon any person.” The jury in this case found that Gorham made “an assault or battery” during the course of the burglary. A more specific finding as to which was committed, i.e., an assault or a battery, was not required to support the first-degree felony form of burglary. The jury’s finding that Gorham committed one or the other was sufficient to support the enhanced penalty.
Gorham’s argument that the jury’s verdict may not have been unanimous is without merit. Even if some jurors believed Gorham committed a battery, while others found he committed merely an assault, during the burglary, both of these findings support the enhanced penalty, and the verdict was unanimous as to the facts needed to support the first-degree felony form of burglary. The State did not have to prove beyond a reasonable doubt which particular one was committed during the burglary. § 810.02(2)(a), Fla. Stat.
Further, the evidence at trial was that Gorham repeatedly punched the owner of the vehicle in the face and tried to choke her. Gorham also repeatedly punched his wife in the face and threatened to kill both occupants of the vehicle during the incident. After the owner of the vehicle managed to escape, Gorham tried to run her down with her own vehicle while continuing to struggle with his wife who remained in the vehicle.[1] Both victims had bleeding facial wounds immediately after the incident.
The evidence supports the conclusion that Gorham committed multiple assaults and batteries during the offense, and a jury finding that a single assault or battery was committed during the offense suffices. Any error in the jury failing to enter a “more specific” verdict, as to whether Gorham committed an assault or battery, or both (as the evidence overwhelmingly supported), would be harmless beyond a reasonable doubt. See Galindez v. State, 955 So.2d 517 (Fla.2007).
Gorham’s motion also argued that the jury failed to find that the conveyance was occupied. Occupancy was not a fact used to enhance the penalty in this case. This allegation is irrelevant, and the claim of an illegal sentence on this basis is without merit. Further, the jury’s verdict inherently determined that the vehicle was occupied.
Because we find that Gorham’s claims lack merit as a matter of law, we affirm with prejudice.

Affirmed.

SHAHOOD, C.J., FARMER and KLEIN, JJ., concur.

. Although the jury found Gorham guilty of two counts of burglary with an assault or battery, based on Gorham’s acts against the two separate victims, on direct appeal, this court found that only one count of burglary could be sustained under these facts. Gor-ham v. State, 968 So.2d 717 (Fla. 4th DCA 2007). This court recently ordered Gorham resentenced because this burglary offense did not qualify for the prison releasee reoffender sanction. Gorham v. State, 988 So.2d 152 (Fla. 4th DCA 2008).