NORTHCUTT, Judge.
Gordon Lawshea appeals his convictions for panhandling, resisting arrest without violence, and resisting arrest with violence. For the following reasons, we reverse Lawshea’s convictions for panhandling and resisting without violence, but we affirm his conviction for resisting with violence.
The charges against Lawshea had their genesis in a Sarasota shopkeeper’s telephone call to the police to complain that *605 Lawshea was panhandling in the vicinity of his store. At Lawshea’s trial, the shopkeeper testified that he told the police that he heard Lawshea asking passers-by for money. He then watched as Lawshea crossed the street and approached a couple after they got out of their car. He saw the man give Lawshea some money just before an officer pulled up in a patrol car.
The people Lawshea approached were an older, married couple who were headed to a movie. The husband testified that Lawshea walked up to them and asked for money. The encounter made him nervous, he said, because “where I come from, we don’t have much of this.” He gave Law-shea a few dollars and then saw him hurry away just as a police officer arrived. This witness did not describe Lawshea’s tone or manner during their exchange.
The responding officer testified that he saw the gentleman hand money to Law-shea. He called for Lawshea to stop, but Lawshea ignored the order and continued his flight. The officer interviewed the gentleman and then began searching for Lawshea. He found him in a nearby parking lot. As the officer attempted to place Lawshea in handcuffs, Lawshea hit him in the chest. Another officer arrived on the scene and helped subdue Lawshea.
In his first point on appeal, Law-shea argues that his panhandling conviction was fundamental error because he was not properly charged with a criminal offense. He is correct.
The City of Sarasota, like many communities, has an ordinance regulating panhandling by placing time, place, and manner restrictions on what is otherwise constitutionally protected activity. Ch. 23, art. Ill, City of Sarasota Code of Ordinances. See Ledford v. State, 652 So.2d 1254, 1256 (Fla. 2d DCA 1995) (“holding] that begging is communication entitled to some degree of First Amendment protection”).
In pertinent part, the ordinance defines panhandling in section 23-6 as “any solicitation made in person upon any street, public place, park or beach in the city in which a person requests an immediate donation or money or other gratuity from another person.” Section 23-7 then makes it unlawful to panhandle between sunset and sunrise and at certain places, to wit:
at a bus stop; in any public transportation vehicle or public transportation facility; at a vehicle which is parked or stopped on a public street or alley ...; in a sidewalk cafe; on private property ...; in a parking lot or garage owned or operated by the city, including entryways or exits and paystations connected therewith; in a public park, beach, fairground, or sporting facility, including entryways and exits thereto; or within twenty (20) feet in any direction from an automatic teller machine, parking meter, parking pay station or entrance to a bank.
§ 23-7(a). In section 23-8, the ordinance makes it unlawful to panhandle in an aggressive manner, which includes panhandling in a group or touching the subject, panhandling a subject who is standing in a line, blocking the subject’s path, trailing a subject who refuses to donate, or “[ujsing profane or abusive language ... or making any statement, gesture, or other communication which would cause a reasonable person to be fearful or feel compelled.”
In this case, the charging information alleged that Lawshea “did unlawfully solicit in person upon a street, public place, park or beach in the city and requested an immediate donation or money or other gratuity from another, violation of City of Sarasota Ordinance 23-6.” But section 23-6 does not prohibit panhandling; it merely defines it. The charging document did not allege that Lawshea panhandled in *606 a prohibited place or time, contrary to section 23-7, or that he did so in a prohibited manner, contrary to section 23-8.
In order to sufficiently inform an accused of the allegations against him, due process requires the State to allege every essential element when charging a violation of law. Price v. State, 995 So.2d 401, 404 (Fla.2008). Lawshea did not raise this issue below. However, if a charging document fails to completely allege a crime, the defect may be raised any time. Deparvine v. State, 995 So.2d 351, 373 (Fla.2008). When, as here, the issue is raised after the State has rested its case, the defendant must show not only that the indictment is technically defective but that it is so fundamentally defective that it cannot support a conviction. Id. (citing Ford v. State, 802 So.2d 1121, 1130 (Fla.2001)). “For example, the failure to include an essential element of a crime does not necessarily render an indictment so defective that it will not support a judgment of conviction when the indictment references a specific section of the criminal code which sufficiently details all the elements of the offense.” Du-Boise v. State, 520 So.2d 260, 265 (Fla.1988).
Here, the information failed to allege the nature of Lawshea’s violation, and it failed to cite the specific section of the ordinance that included the missing element. See Figueroa v. State, 84 So.3d 1158, 1161 (Fla. 2d DCA 2012) (“[A]n information is fundamentally defective where it fails to cite a specific section and totally omits an essential element of the crime.”). And, as we have said, an information’s utter failure to charge a crime can be raised at any time. Id.; see also Catanese v. State, 251 So.2d 572, 573 (Fla. 4th DCA 1971) (noting that when the information completely fails to charge a crime, a resulting conviction must be set aside even when entered on a guilty plea). Accordingly, we reverse Lawshea’s conviction for panhandling.
In his next point on appeal, Law-shea challenges his conviction for resisting without violence. He argues that when the officer called for him to stop, he was not engaged in the lawful execution of a legal duty — an element of the crime of resisting without violence. See M.W. v. State, 51 So.3d 1220, 1222 (Fla. 2d DCA 2011). The reason is that the officer did not have reasonable suspicion that a misdemeanor had been committed in his presence. This issue is also presented as fundamental error. See F.B. v. State, 852 So.2d 226, 230 (Fla.2003) (noting that fundamental error occurs “when the evidence is insufficient to show that a crime was committed at all”).
The officer responded to a complaint about panhandling and arrived in time to observe Lawshea receiving money from the victim. But there was no testimony to show that the officer witnessed Lawshea panhandling in a prohibited place or time, which would have been necessary to permit Lawshea’s arrest for the misdemeanor offense of panhandling. See M.W., 51 So.3d at 1222 (noting that under Florida law, a warrantless arrest for a misdemean- or offense is lawful only if the offense is committed in the officer’s presence). The officer was allowed to provide hearsay testimony at trial that the gentleman told him Lawshea had “aggressively” demanded money. But without this additional fact regarding Lawshea’s manner, which the officer did not gather until after Lawshea fled, the officer could not reasonably suspect that Lawshea was violating the panhandling ordinance. See Davis v. State, 973 So.2d 1277, 1279 (Fla. 2d DCA 2008) (“In cases involving an investigatory detention, it is necessary for the State to prove that the officer had a reasonable suspicion of criminal activity that would *607 support the detention”). The officer’s mistaken view of the law — that it was illegal to panhandle anywhere in the city— could not support a finding that he was engaged in the lawful execution of a legal duty when he ordered Lawshea to stop. See Hilton v. State, 961 So.2d 284, 294-98 (Fla.2007) (noting that officer’s mistake of law undercuts reasonable suspicion); Langello v. State, 970 So.2d 491, 491 (Fla. 2d DCA 2007) (finding police lacked probable cause for stop based on mistake of law). Accordingly, we reverse Lawshea’s conviction for resisting without violence.
Finally, in an argument that would affect all three convictions, Lawshea argues that the trial court erred by excluding evidence of past excessive force complaints against the arresting officer. But Lawshea failed to preserve this issue because he did not proffer the excluded evidence. See Williams v. State, 600 So.2d 524, 525 (Fla. 2d DCA 1992) (rejecting claim of error in trial court’s exclusion of evidence because no proffer was made). We affirm on this issue, and accordingly, we affirm Lawshea’s conviction for resisting with violence. As this was the only conviction for which Lawshea was sentenced other than to time served, we also affirm Lawshea’s habitual offender sentence of five years in prison.
Convictions for panhandling and resisting without violence reversed; conviction and sentence for resisting with violence affirmed.
CRENSHAW and BLACK, JJ., Concur.