NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEVEN JAMES TURBI,                    )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D14-1389
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed August 5, 2015.

Appeal from the Circuit Court for Polk
County; Michael E. Raiden, Judge.

Howard L. Dimmig, II, Public Defender, and
Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

          Steven Turbi timely appeals his convictions and sentences for burglary

while armed and with an assault and battery; robbery with a deadly weapon; possession

of cannabis; and possession of drug paraphernalia.  He argues that fundamental error

occurred when he was convicted of a crime with which he was not charged and the jury was given an improper instruction. We affirm.

I. BACKGROUND

The State alleged that on December 7, 2012, Turbi entered an occupied structure armed with a handgun and, during a burglary, made an assault or battery. A jury trial was held. The record shows that at 10 p.m., the victim, a food and beverage supervisor at the Stonegate Golf Club, was inside her office counting money. She heard a knock on the door, opening it to see two men there. Both men were wearing ski masks and both men had handguns that they pointed at her.

One man pulled open the door and pointed his gun in the victim's face, forcing her back into her office. Then the man walked behind her, putting the gun to the back of her head. The second man grabbed all the money from the victim's desk. He then proceeded to the safe room and took money out of the safe. This man wore a short-sleeved black shirt. Consequently, the victim recognized the man by a tattoo on his right arm. She had seen the same, unique tattoo before on a former employee—Steven Turbi.

Turbi was arrested and searched. In Turbi's left pocket, a baggy containing a green leafy substance was found. The substance tested positive for cannabis.

A jury trial was held, and the jury found Turbi guilty. He was sentenced to concurrent terms of twenty years in prison on the felonies and additionally to time served on the misdemeanors. He appeals.

## II. BURGLARY CHARGE

First, Turbi argues that he was denied due process because he was charged with burglary with an assault <u>or</u> battery but convicted of burglary with an assault <u>and</u> battery.  The information alleged that Turbi "did knowingly enter or remain in a structure . . . while armed with a handgun, a dangerous weapon, or in the course of committing the burglary made an assault or battery."  The information referenced section 810.02, Florida Statutes (2012), which provides:

> (2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
>
> (a) Makes an assault or battery upon any person;
>
> (b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon; . . .

The verdict form listed assault and battery as separate aggravating factors for the crime of burglary, allowing the jury to find Turbi guilty of burglary with assault only, burglary with battery only, or burglary with both assault and battery.  The jury checked both aggravating factors, finding him guilty of burglary with both assault and battery.

It is true that "[d]ue process of law requires the State to allege every essential element when charging a violation of law to provide the accused with sufficient notice of the allegations against him" and "[t]here is a denial of due process when there is a conviction on a charge not made in the information or indictment."  <u>Price v. State</u>, 995 So. 2d 401, 404 (Fla. 2008).  Further, "[f]or an information to sufficiently charge a crime it must follow the statute, clearly charge each of the essential elements, and sufficiently advise the accused of the specific crime with which he is charged."  <u>Id.</u>

Ultimately, "the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial." Id.

Here, the information referenced assault as well as battery as alternative aggravators. Indeed, being armed with a deadly weapon was also listed as an alternative aggravator. So Turbi was put on notice that he was being accused of these specific aggravating factors. It is also irrelevant which aggravating factor the jury found because either finding would have supported the enhanced penalty. See Gorham v. State, 993 So. 2d 128, 130 (Fla. 4th DCA 2008) ("Even if some jurors believed Gorham committed a battery, while others found he committed merely an assault, during the burglary, both of these findings support the enhanced penalty, and the verdict was unanimous as to the facts needed to support the first-degree felony form of burglary."). Thus, Turbi cannot show that he was actually prejudiced at trial or that fundamental error occurred.

### III. JURY INSTRUCTION

Second, Turbi argues that the jury was given an incomplete and improper instruction on the robbery charge because the judge omitted the following statement: "If you find the defendant guilty of the crime of robbery, you must further determine beyond a reasonable doubt in the course of committing the robbery, the defendant carried some kind of weapon." Turbi claims that the jury may not have understood that the reasonable doubt standard applied to the enhancement. Turbi also claims that the instruction should have specified the type of weapon he was allegedly carrying.

"Florida courts have found fundamental error where the trial court incorrectly instructed the jury on an element of a crime that was in dispute." Garzon v.

- 4 -

State, 939 So. 2d 278, 283 (Fla. 4th DCA 2006), approved, 980 So. 2d 1038 (Fla. 2008).  However,

> A possibility of what the jury "could" do in response to a jury instruction is not the stuff of *fundamental* error.  The law presumes that the jury has followed all of the trial court's instructions, in the absence of evidence to the contrary.  A proper approach to fundamental error considers the jury instructions as a whole, in the context of the case that was tried; a proper approach does not nitpick at the instructions to manufacture a fundamental error that was overlooked by all the participants at trial.

Id. at 285 (citation omitted).

Here, the record shows that the judge did improperly omit the jury instruction on finding the enhancement beyond a reasonable doubt.  However, when the judge went over the jury form with the jury, he cautioned that "if you were to find him guilty of robbery but were not unanimous, were not convinced beyond a reasonable doubt that it was with a deadly weapon or a weapon, either one, then you just find him guilty of robbery.  You don't check any of the aggravators."  So the jury was ultimately instructed on the appropriate standard.  And the failure to specify the type of weapon used could not have misled or confused the jury because there was no dispute as to the type of weapon used—the evidence only supported that a gun had been used.  Though Turbi points out that the jury was apparently confused because they originally checked both "armed with a weapon" and "armed with a deadly weapon" on the robbery verdict, this confusion was dispelled when the judge ordered the jury to pick only one of those options.  Turbi cannot show fundamental error.  Accordingly, we affirm.

Affirmed.

KELLY and WALLACE, JJ. Concur.