MORRIS, Judge.
Frank Richards appeals his conviction after a jury trial for the offense of failing to register as a sexual predator. We find merit to the two issues he raises on appeal and therefore reverse his conviction.
I. Background
The State charged Richards with failing to register as a sexual predator (date of offense: May 1, 2014, to June 12, 2014), a third-degree felony governed by section 775.21, Florida Statutes (2013). The information titled the offense as "FAILURE TO REGISTER AS A SEXUAL PREDATOR" and charged that Richards "did fail to provide required location information, or did otherwise fail, by act or omission, to comply with the requirements of Florida Statute 775.21 ; contrary to Chapter 775.21(10)(a)."
During opening statements, Richards' counsel objected and argued that the State had never listed any witnesses to prove the element "that [Richards] knowingly failed to respond to an address verification correspondence from FDLE within three weeks of the correspondence." Defense counsel believed that this was the charged conduct because it is mentioned in section 775.21(10), the subsection cited in the information. Defense counsel stated that this was the charged conduct of which Richards was put on notice. The prosecutor stated that she had discussed with someone in the State Attorney's office that the office had charged a violation of section 775.21 and that they were going under "the 48-hour notice requirement which is actually (6)(g)." She admitted that "(10)(a) is penalty." The prosecutor asserted that the State "cited that statute and specifically pled required location information," but she admitted that "considering what we pled, it could be any of the failures in the statute ." (Emphasis added.) The trial court asked defense counsel if he was arguing that the State "didn't specifically allege (g) in the information," referring to subsection (6)(g), and defense counsel agreed, again asserting that subsection (10) was the violation charged by the State. Defense counsel referred to the standard jury instructions for section 775.21(10) and the three elements that the State must prove for that conduct[1] and argued that that was *428 the offense of which Richards was put on notice by the language in the information. The trial court stated that the defense was put on notice of the whole statute and that the defense had not moved for a statement of particulars. The trial court ruled that the State had given the defense broad notice and overruled the defense's objection to the opening statement.
The State presented the testimony of a detective who registered Richards in February 2014, and the registration was admitted into evidence. Richards' permanent address was on 44th Avenue in St. Petersburg, and a temporary address was in Tallahassee. A second detective testified that he registered Richards in May 2014, and this second registration was admitted into evidence. It listed Richards' permanent address as the 44th Avenue address and his temporary address as being in Tallahassee. The second detective testified that Richards never informed him that Richards had a new temporary address.
Richards' ex-girlfriend testified that she lived at the 44th Avenue address. After she and Richards were in a car accident in April 2014, he stopped spending the night at that address but once a week. On June 11, 2014, a detective came to the house, but Richards was not there. When a detective came back the next day, she told the detective where Richards was staying. A third detective testified that he attempted to conduct an address verification on June 11, 2014, at the 44th Avenue address. Richards was not there that day or the next day when the detective visited a second time. He made contact with Richards, who came into the office. The detective read Richards his Miranda [2] rights, and Richards admitted that he had not been living at the 44th Avenue address since early May and that he had been spending the nights at a new address on 57th Avenue with his new girlfriend. Richards admitted to staying at the new address for more than five days.
During the charge conference in which the parties addressed the jury instructions to be given, defense counsel objected to the trial court giving the standard jury instruction on subsection (6)(g) because the information charged subsection (10). The prosecutor admitted that "because of the way we charged it and the fact that ... the statute controlling that is the penalty section, ... that section does not match the statute cited for the jury instruction." The trial court stated that the evidence did not support the giving of the instruction for subsection (10). The defense agreed that the trial court has the duty "to make sure the jury is properly instructed on the law pursuant to the evidence," but he objected to preserve the issue, for the same reason that he "objected to the evidence coming in the other day."
Richards testified in his defense and denied that he stayed at his new girlfriend's house. He either slept on the futon at the 44th Avenue address when he arrived home late at night or in his car in the carport of that address. He said that he lied to the detective when he said he had been staying at his new girlfriend's house.
The trial court read the jury the standard jury instruction for failing to report within 48 hours of vacating a permanent or temporary residence, tailoring the language to reflect the evidence presented by the State. See Fla. Std. Jury Instr. (Crim.) 11.15(g). The jury found Richards guilty as charged, and the trial court sentenced him *429 to 5.67 years in prison, his lowest permissible prison sentence.
II. Analysis
A. Defective information
Richards argues that the information is fundamentally defective because it failed to cite a specific subsection of the statute violated and totally omitted essential elements of the crime. He contends that the information thus failed to put him on notice of the specific nature of the criminal charge.
"In order to sufficiently inform an accused of the allegations against him, due process requires the State to allege every essential element when charging a violation of law." Lawshea v. State, 99 So.3d 603, 606 (Fla. 2d DCA 2012) (citing Price v. State, 995 So.2d 401, 404 (Fla. 2008) ); see also Fla. R. Crim. P. 3.140(d)(1) ("Each count of an indictment or information on which the defendant is to be tried shall allege the essential facts constituting the offense charged."). "For an information to sufficiently charge a crime it must follow the statute, clearly charge each of the essential elements, and sufficiently advise the accused of the specific crime with which he is charged." Price, 995 So.2d at 404. "The overriding concern is whether the defendant had sufficient notice of the crimes for which he is being tried." McMillan v. State, 832 So.2d 946, 948 (Fla. 5th DCA 2002). "Courts should uphold indictments and informations if they are in substantial compliance with the statutory requirements." Price, 995 So.2d at 405.
If a charging document omits an essential element of a crime, it is not necessarily rendered defective. Where the charging document "references a specific section of the criminal code which sufficiently details all the elements of the offense," it may place the defendant "on adequate notice of the crime being charged." DuBoise v. State, 520 So.2d 260, 265 (Fla. 1988) (holding that charging document which referenced section 794.011(3), Florida Statutes (1983), put defendant on notice that he was being charged with sexual battery). Further, a defect in an information is not always harmful. Rule 3.140(o) provides that
[n]o indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
(Emphasis added.)
The information in this case charged that Richards "did fail to provide required location information, or did otherwise fail, by act or omission, to comply with the requirements of Florida Statute 775.21 ; contrary to Chapter 775.21(10)(a)." Section 775.21 is a very lengthy statute, taking up over seven pages in the statute book. Most of section 775.21 sets forth the definitions applicable to sexual predators and the criteria and process for designating a defendant a sexual predator. Subsection (6) addresses the numerous requirements of sexual predator registration. There are various ways to violate the statute under subsection (6), as set forth in subsections (6)(a) through (j).[3]
*430 Subsection (6)(g)(1) through (3) addresses various things that a predator must do in regard to a change of address. Subsection (6)(g)(1) requires the predator to "report in person to a driver's license office" "within 48 hours after any change of the predator's residence." Subsection (6)(g)(2) requires a predator to "report in person to the sheriff's office of the county in which he or she is located" "within 48 hours after vacating [his] permanent, temporary, or transient residence" if the predator has not established or maintained "another permanent, temporary, or transient residence." Further, subsection (6)(g)(3) prohibits a predator from "remain [ing] at a permanent, temporary, or transient residence after reporting his or her intent to vacate such residence" without reporting to the sheriff's office within 48 hours of the date he intended to vacate his residence.[4]
At trial, the State proceeded on the theory that Richards violated subsection (6)(g)(2), which requires a predator to report his change of address to the sheriff's office within 48 hours, either by failing to report to the sheriff's office within 48 hours of the change or by failing to inform the sheriff's office of the change of address when he reported in May 2014. But nothing in the information informs Richards of the allegations against him; the information did not reference 775.21(6)(g) and did not include any elements of the charged offense. The information is in stark contrast to the detailed jury instructions given by the trial court.[5] The information did cite the specific statute violated, section 775.21. However, as noted above, section 775.21 contains numerous ways to violate the statute, and the information did not cite the particular subsection within the statute that would alert Richards to the nature of his violation.
In Figueroa v. State, 84 So.3d 1158 (Fla. 2d DCA 2012), this court considered whether the information sufficiently charged the firearm element of the offense of robbery with a firearm. The information titled the count as robbery with a firearm, but in the body, it did not allege the use of a firearm and it cited only section 812.13 generally, the robbery statute. Id. at 1159-60. This court held that the information was fundamentally defective because it "totally omit[ted] an essential element of the crime" and it "did not charge violation of a specific subsection." Id. at 1161 ; see also Weatherspoon v. State, 214 So.3d 578, 584 (Fla. 2017) ("[A]n information is fundamentally defective where it fails to cite a specific section and totally omits an essential element of the crime." (alteration in original) (quoting Figueroa, 84 So.3d at 1161 )).
*431 Also, in Lawshea, 99 So.3d at 605-06, this court held that the information was defective because it generally alleged that the defendant panhandled but it "did not allege that [he] panhandled in a prohibited place or time," as prohibited by section 23-7 of the city ordinance, "or that he did so in a prohibited manner," as prohibited by section 23-8 of the city ordinance. The information cited a provision of the city ordinance, section 23-6, but that provision only defined panhandling and did not prohibit it. This court held that because "the information failed to allege the nature of [the defendant's] violation" and "failed to cite the specific section of the ordinance that included the missing element," the information was defective and the error was fundamental. Id. at 606.
As noted above, the information in this case did not allege the essential elements of the charged offense and it did not cite a specific subsection of the statute that included the missing elements or otherwise place Richards on notice of the nature of his alleged criminal conduct. The failure to charge, however, is not per se reversible; "[g]enerally the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial." Weatherspoon, 214 So.3d at 584 (quoting Price, 995 So.2d at 404 ). The information in this case misled Richards and embarrassed him in the preparation of his defense, as indicated by his counsel's confusion regarding the charged conduct and what the State needed to prove at trial. Defense counsel objected, believing that the State had charged a different violation of the statute. Because the information lacked any elements of the offense but cited to section 775.21(10), it was reasonable for defense counsel to look to the standard jury instructions for section 775.21(10) to ascertain the elements of the charged offense. See Pewo v. State, 177 So.3d 32, 34 (Fla. 2d DCA 2015) ("Standard jury instructions are published under the authority of the Florida Supreme Court and are presumed to be correct." (citing BellSouth Telecomm., Inc. v. Meeks, 863 So.2d 287, 292 (Fla. 2003) )); see also Gross v. State, 765 So.2d 39, 48 (Fla. 2000) (Anstead, J., concurring in part and dissenting in part) (recognizing that "[t]he standard jury instructions are published to guide a trial court" in instructing the jury on the essential elements of the crime charged). During the discussion with the trial court, the State admitted that the wording of the information could include "any of the failures in the statute." Indeed, it was not clear to the trial court what conduct the State was charging until the prosecutor explained that the State was proceeding under the "48-hour notice requirement" in subsection (6)(g).
The State argues, as it did below, that the information was sufficient because it cited the statute and alleged that Richards "failed to provide required location information." Lawshea and Figueroa demonstrate that the citing of the general statute is not sufficient where it does not put the defendant on notice of the elements that constitute the charged conduct. Cf. DuBoise, 520 So.2d at 265 (holding that citing of sexual battery statute and subsection, "which specifically defines all the elements of the offense," placed defendant "on adequate notice of the crime being charged"). And while the "location information" language that was included in the information is found in subsection (10), that language is not defined in the statute or used in subsection (6)(g) or anywhere else in the statute. Further, the statute contains many requirements regarding information that a sexual predator must provide in relation to his location. Thus, the "location information" language was not sufficient to put Richards on notice that he had failed to *432 update his residence information with the sheriff's office within 48 hours of moving.
In sum, Richards was convicted of a charge that was not made in the information, and we therefore reverse Richards' conviction for this reason.
B. Improper jury instruction
Richards also contends that the trial court committed fundamental error in instructing the jury on theories of the offense that were not charged in the information. Where the jury is instructed on an alternate theory of the charged crime but that alternate theory was not charged in the information, it is fundamental error if it is clear that the jury returned a verdict on that uncharged theory. Jaimes v. State, 51 So.3d 445, 449, 451 (Fla. 2010) (holding that trial court committed fundamental error in instructing jury on great bodily harm theory of aggravated battery where information charged only deadly weapon theory of aggravated battery and jury returned special verdict finding defendant guilty of the uncharged great bodily harm theory); cf. State v. Weaver, 957 So.2d 586, 589 (Fla. 2007) (declining to find fundamental error where jury was instructed on uncharged theory of aggravated battery as well as charged theory and where jury returned a general verdict and no evidence was presented on the uncharged theory, thus indicating that uncharged theory was not in dispute and was not the basis for jury's verdict).
This issue is directly related to the first issue. It is clear that the jury returned a verdict on the theory or theories that were uncharged because those were the only theories on which the jury was instructed. See Wunsch v. State, 150 So.3d 869, 872 (Fla. 2d DCA 2014) ("The only option available to the jury for convicting [defendant] of child neglect with great bodily harm under the erroneous jury instruction was on the ground of an uncharged theory of guilt."). Although such an error is fundamental, we note that counsel's objection to the jury instructions was sufficient to preserve this error for review. See Wong v. State, 212 So.3d 351, 358 (Fla. 2017).
Reversed and remanded for discharge.
CRENSHAW and SLEET, JJ., Concur.

The standard jury instruction applicable to section 775.21(10) specifically refers to correspondence from the Florida Department of Law Enforcement and requires the defendant to have either "knowingly failed to respond to address verification correspondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence" or to have "knowingly provided false registration information by act or omission." Fla. Std. Jury Instr. (Crim.) 11.15(h).

Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

There are ten separate standard jury instructions relating to the various violations of subsection (6). See Fla. Std. Jury Instr. (Crim.) 11.15, 11.15(a)-(g), (i), (j). There are two more standard jury instructions relating to other subsections in section 775.21, namely subsections (10)(a) and (8)(a). See Fla. Std. Jury Instr. (Crim.) 11.15(h), (k).

Florida Standard Jury Instruction (Crim.) 11.15(g) sets forth the different ways of committing an offense under section 775.21(6)(g).

The trial court instructed the jury, in relevant part, that in order to convict Richards, it needed to find that
3. [Richards]
a. knowingly failed to report in person to an office of the sheriff of Pinellas County within 48 hours of vacating his permanent or temporary residence and failing to establish or maintain another permanent or temporary address.
or
b. reported to an office of the sheriff of Pinellas County, Florida and knowingly failed to provide that office with any one or more of the following items: a temporary address or a permanent address.
The information, on the other hand, merely alleged that Richards "did fail to provide required location information, or did otherwise fail, by act or omission, to comply with the requirements of Florida Statute 775.21 ; contrary to Chapter 775.21(10)(a)."