NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ANTHONY COWART, DOC #H12326,   )
                                    )
           Appellant,   )
                                    )
v.   )   Case No. 2D17-2820
                                    )
STATE OF FLORIDA,   )
                                    )
          Appellee.   )
_____)

Opinion filed October 19, 2018.

Appeal from the Circuit Court for Polk
County; Wayne Durden, Judge.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

        Without alteration other than the first letter, the operative "information" in

this case charged Anthony Cowart with "FAILURE OF SEXUAL PREDATOR TO

REREGISTER OR PROVIDE REQUIRED INFORMATION" in a single count as follows:

        [O]n or between September 2, 2016 and September 29,
        2016, in the County of Polk and State of Florida, ANTHONY

FRANK COWART, a sexual predator, did knowingly and unlawfully fail to register, or after registering, did fail to provide during reregistration all changes to his address of a current temporary residence within the state or out of state, a rural route address and a post office box if there was no permanent or temporary address, a transient residence within the state, the address, location and description and dates of any current or known future temporary residences within the state or out of state, and/or failed to register in person at an office of the sheriff within 48 hours after establishing a permanent, temporary or transient residence within this state, and/or he failed to report in person to an office of the sheriff within 48 hours of vacating his permanent, temporary, or transient address and failing to establish or maintain another permanent, temporary or transient address, contrary to Florida Statute 775.21. (3 DEG FEL) (LEVEL 7)

Notwithstanding the State's indefensible linguistic buckshot, we affirm in light of the only challenges that Cowart has raised on appeal or below, which are that the information fails to charge an offense and fails to charge all of the elements of the violation of section 775.21(6)(g)(2)(b), Florida Statutes (2016), of which Cowart was convicted, i.e., that, having reported in person at the sheriff's office in the county in which he was located within forty-eight hours after establishing a transient residence, he failed to "report in person every 30 days to the sheriff's office in the county in which he . . . [was] located while maintaining a transient residence" and failed to "provide the addresses and locations where he . . . maintain[ed] a transient residence."

As an initial matter, and as is abundantly clear, the information charges a whole host of offenses. But we agree with Cowart that the information, in fact, omits two of the essential elements of the offense of failing to report a transient address every thirty days after initially establishing a transient residence as required by section 775.21(6)(g)(2)(b). Although the State alleged that Cowart is a sexual predator, it alleged neither that he had previously established a transient residence in Polk County

- 2 -

nor that that he failed to report all of his transient residences within thirty days of the date that he had last reported all of his transient residences. See Fla. Std. Jury Instr. (Crim.) 11.15(m) (providing that the second element of the offense is that "(Defendant) established a transient residence in (name of county) County, Florida" and that the third element of the offense is that "(Defendant) knowingly failed to report the address and location where [he] [she] maintained a transient residence, in person, to the office of the sheriff in the county in which [he] [she] maintained a transient residence, every 30 days after [he] [she] initially reported to the sheriff that [he] [she] had established a transient residence"). The information's general citation to section 775.21 cannot begin to remedy the failure to charge these two essential elements because, as we noted in Richards v. State, 237 So. 3d 426, 429-30 (Fla. 2d DCA 2018), and as is apparent from the information itself, that roughly eight-page statute contains a plethora of registration requirements, with even single paragraphs implicating multiple possible infractions.

The failure to adequately charge an offense, however, is not per se reversible error because "[g]enerally the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial." Weatherspoon v. State, 214 So. 3d 578, 584 (Fla. 2017) (quoting Price v. State, 995 So. 2d 401, 404 (Fla. 2008)); see also Fla. R. Crim. P. 3.140(o) ("No . . . information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the . . . information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the . . . information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a

new prosecution for the same offense."). Notwithstanding the defective information, Cowart plainly was not misled or embarrassed in the preparation of his defense. At trial, the State introduced evidence sufficient to show that Cowart had established a transient residence in Polk County in 2014 and had registered it with the Polk County Sheriff's Office (PCSO) and that he had been complying with the requirement to report all of his transient residences to the PCSO every thirty days but that, after reporting on August 2, 2016, he had failed to report again until September 29, 2016. Far from expressing uncertainty of the charge against him, Cowart vehemently protested to the jury that he had not knowingly violated the thirty-day requirement because he had innocently misinterpreted it to mean that he had to report his transient residences once every calendar month. Moreover, he did not object to the trial court's instruction to the jury pursuant to Florida Standard Jury Instruction (Criminal) 11.15(m), which accompanies the thirty-day-transient-residence-reporting requirement in section 775.21(6)(g)(2)(b), and he has never suggested that he could again be subject to prosecution for the same offense.

Accordingly, Cowart's only challenges to the information on appeal and below afford him no relief. Cf. Richards, 237 So. 3d at 430-31 (holding that the inadequate information, which failed to allege any essential elements and merely cited section 775.21(10)(a) as opposed to the violation of the registration requirement on which the State proceeded at trial, prejudiced Richards because defense counsel clearly demonstrated at the beginning of trial that he had been misled regarding which

registration requirement the State was intending to prove that Richards had violated).[1]

Our affirmance, however, is without prejudice for Cowart, after issuance of the mandate in this appeal, to either timely file in the trial court a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 or timely file in this court a petition alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(d), provided that he can do so in good faith.

Affirmed.

NORTHCUTT and CRENSHAW, JJ., Concur.

---

[1]We do not reach the related issue addressed in Richards of whether the trial court fundamentally erred in instructing the jury on an uncharged offense because Cowart does not raise that argument on appeal. Cf. Richards, 237 So. 3d at 432 ("Richards also contends that the trial court committed fundamental error in instructing the jury on theories of the offense that were not charged in the information. Where the jury is instructed on an alternate theory of the charged crime but that alternate theory was not charged in the information, it is fundamental error if it is clear that the jury returned a verdict on that uncharged theory. This issue is directly related to the first issue. It is clear that the jury returned a verdict on the theory or theories that were uncharged because those were the only theories on which the jury was instructed." (citations omitted)).